[No. A034891. First Dist., Div. One. Nov. 25, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
WALTER EVELETH TUCKER, Defendant and Appellant.

**COUNSEL**

Clifford V. Cretan, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Gloria F. DeHart, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, Acting P. J.**—Defendant Walter Eveleth Tucker (Tucker), by bargained-for pleas of nolo contendere,* was convicted of three counts of oral copulation and lewd and lascivious acts upon his two- and four-year-old daughters. A condition of the pleas was that he receive a sentence of *not more* than 10 years. Such an agreed sentence, we opine, is tantamount to an agreement, or stipulation, that a *10-year* prison term was within the range of reasonableness for the crimes Tucker had committed.

---

*A nolo contendere plea, in legal effect "shall be the same as that of a plea of guilty for all purposes." (Pen. Code, § 1016, subd. 3.)

The trial court thereafter fixed Tucker's prison term at a total of eight years.

The appeal is from the judgment entered upon the nolo contendere pleas.

We shall affirm the judgment for the following reasons.

■ Tucker first *contends* that: "Appellant's case must be remanded for resentencing, for the trial court erred by failing to state [the statutorily required] reasons for imposition of a consecutive sentence on Count III."

The manifest purpose of a statement of reasons in sentencing is to assure that terms of imprisonment are reasonable. We find it impossible, intellectually, to conclude that such an agreed reasonable term is nevertheless unreasonable for failure of the trial court to state its reasons. ■ Sentencing statutes and rules of court must be construed in the light of their manifest purpose. "Statutes should be construed so as to be given a reasonable result consistent with the legislative purpose." (*Cossack* v. *City of Los Angeles* (1974) 11 Cal.3d 726, 732-733 [114 Cal.Rptr. 460, 523 P.2d 260].) ■ And: "As the People are held strictly to the terms of the plea bargain, the accused also must be held to his agreement." (*People* v. *Masten* (1982) 137 Cal.App.3d 579, 586 [187 Cal.Rptr. 515].)

■ Moreover, we find rule 440, California Rules of Court, reasonably applicable where, as here, the defendant has agreed to a sentence of "not more" than a certain term of imprisonment. That rule, as relevant, states: "(a) If a plea of guilty or nolo contendere was entered . . . and the plea was accepted by the prosecuting attorney in open court and was conditionally approved by the court, the defendant's specification of the punishment and the prosecuting attorney's acceptance thereof in open court constitutes an adequate reason for the imposition of the punishment specified."

■ The remaining appellate contention is that: "Because the trial court erred by not exercising its discretion to consider a concurrent sentence on Count III, remand is required."

As to count III, the trial court had said only that: "Count III. Sentence you to the midterm, reduce that to one-third. That's two years to be served consecutive to the other."

Rule 409, California Rules of Court, states: "Relevant criteria . . . shall be deemed to have been considered unless the record affirmatively reflects otherwise."

The record does *not* "affirmatively reflect otherwise." Furthermore, it is established law that: "'[I]n the absence of any contrary evidence, we are entitled to presume that the trial court . . . properly followed established law.'" (*Ross* v. *Superior Court* (1977) 19 Cal.3d 899, 913 [141 Cal.Rptr. 133, 569 P.2d 727].)

The judgment is affirmed.

Newsom, J., and Holmdahl, J., concurred.

A petition for a rehearing was denied December 24, 1986.