[No. A035186. First Dist., Div. One. Aug. 14, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN JUNNELL DOUGLAS, Defendant and Appellant.

**COUNSEL**

Darryl S. Fried, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Thomas A. Brady and Alexandra E. Ramsburg, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, Acting P. J.**—Defendant Stephen Junnell Douglas (Douglas) was found guilty by a jury's verdict of possession of marijuana *for sale*. He appeals from the judgment which was thereupon entered.

We shall affirm the judgment after stating our reasons.

I. ■■■ The first of Douglas's appellate contentions is that: "The court erred in allowing expert opinion on matters which were not a proper subject of expert opinion."

A police officer with much training and experience in the suppression of the narcotic and dangerous drug traffic was asked a long hypothetical question, in the course of which he was asked to assume as facts the prosecution's evidence, and which ended with the following: "Assume all those things. With that long hypothetical in mind, do you have an opinion, officer, as to whether or not the marijuana . . . was possessed for personal use or was possessed for sale?"

The issue posed is whether the subject matter of the hypothetical question was "a proper subject of expert opinion." No question was raised as to the officer's qualifications. It is conceded that "defense counsel objected to the hypothetical [only] on the grounds that the question went to the ultimate issue."

■■■ The applicable rule is stated by *People* v. *Cole* (1956) 47 Cal.2d 99, 103 [301 P.2d 854, 56 A.L.R.2d 1435], as follows: "[T]he decisive consideration in determining the admissibility of expert opinion evidence is whether the subject of inquiry is one of such common knowledge that men of ordinary education could reach a conclusion as intelligently as the witness or whether, on the other hand, the matter is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact."

■■■ We note that embraced by the hypothetical question of the officer were the assumed conduct of a purported seller of marijuana and of a purported buyer, the weight and packaging of 14 bindles of marijuana possessed by the purported seller, and the 44 dollar bills found in his possession. The interpretation of such evidence, we opine, "is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact." (See *People* v. *Cole, supra,* 47 Cal.2d at p. 103.)

■■■ It is also noted that, according to *People* v. *Cole, supra,* at page 105: "[I]n this state we have followed the modern tendency and have refused to hold that expert opinion is inadmissible merely because it coincides with an ultimate issue of fact." (And see 1 Witkin, Cal. Evidence (3d ed. 1986) § 528, pp. 499-500.)

The instant contention is found invalid.

II. ■ It is next contended by Douglas that: "The evidence was insufficient to support the conviction for possession for sale."

As we have indicated (part I above), the testimony of an experienced police officer that the facts of the case indicated that Douglas's possession of the marijuana was for sale, was admissible, and was *substantial evidence*. ■ " 'When the sufficiency of the evidence is challenged on appeal, the court must review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence—i.e., evidence that is credible and of solid value—from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.' . . . In applying this test, we must 'presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " *(People* v. *Fosselman* (1983) 33 Cal.3d 572, 578 [189 Cal.Rptr. 855, 659 P.2d 1144].)

III. ■ Another contention of Douglas is that: "The court failed to instruct on lesser included offenses."

It is argued that the trial court should have instructed the jury, sua sponte, on the lesser included offense of (simple) possession of marijuana.

■ "It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. . . . The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are necessary for the jury's understanding of the case." *(People* v. *St. Martin* (1970) 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390].) ■ "That obligation has been held to include giving instructions on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present . . ., but not when there is no evidence that the offense was less than that charged." *(People* v. *Sedeno* (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913], overruled on other grounds in *People* v. *Flannel (*1979) 25 Cal.3d 668, 684 [160 Cal.Rptr. 84, 603 P.2d 1].)

We relate the material relevant evidence.

■ Euclid Park in East Palo Alto "is one of the most well-known places to buy marijuana in the county." "A lot of people know that they can

buy marijuana there." Marijuana sellers customarily wait in the park for approaching automobiles. Ordinarily, the seller will hold up his hand with five fingers indicating he has "nickel bags" of marijuana for sale. A "nickel bag" will make two or three marijuana cigarettes, and it sells for three, four, or five dollars. And a "nickel bag" usually consists of marijuana in a plastic "Ziplock" bag. If the passerby is interested he will stop his car, and the seller will walk out to the vehicle and consummate the transaction.

A uniformed police officer was assigned to enforce the narcotic laws in and around Euclid Park. While on patrol the officer observed a stopped vehicle and "saw [Douglas] run from the parking lot to the car; he was leaning over talking at the passenger side at the window." Upon observing the uniformed officer, Douglas "started running . . . as he looked over his shoulder at" the officer. He momentarily disappeared, but the pursuing officer, regaining sight of him and seeing "clearly over the top of a wall," observed Douglas reach down in a sandbox "and come up with sand falling from his hand. . . . At the point that I saw him reach down in the sand and make that motion to bury something, I suspected that, you know, some drugs had been buried. . . . It was like that kind of movement. . . . I could see his whole body." Douglas was arrested or detained, and the officer radioed for a backup.

Upon the backup's arrival the officer went to the sandbox, and at the point where he had seen Douglas bury something, he dug down about four inches where he retrieved *fourteen* "nickel bags" of marijuana, individually packaged in "plastic Ziplock bags." And a search of Douglas's person revealed 44 dollar bills.

Douglas did not testify at his trial and he offered no witnesses on his behalf.

We are of the opinion that the trial's evidence indicated *only* that Douglas had possessed the 14 "nickel bags" of marijuana *for sale,* and that there was no substantial evidence or inference to the contrary.

The superior court did *not* err in refraining from instructing the jury on *simple* possession of marijuana, a lesser crime.

IV. The appeal's final contention of error is that: "The court failed to state reasons for denial of probation."

Such reasons are not required. (*People* v. *Edwards* (1976) 18 Cal.3d 796, 798-799 [135 Cal.Rptr. 411, 557 P.2d 995]; *People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561, 578 [199 Cal.Rptr. 796.)

The judgment is affirmed.

Newsom, J., and Rushing, J.,* concurred.

A petition for a rehearing was denied September 11, 1987.

---

* Assigned by the Chairperson of the Judicial Council.