[No. E008228. Fourth Dist., Div. Two. May 30, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
JAIME GARCIA VILLANUEVA, Defendant and Appellant.

COUNSEL

Bryan Hartnell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**TIMLIN, Acting P. J.**—Jaime Garcia Villaneuva (defendant) has appealed a judgment of conviction entered following his plea of guilty to one count of sale of a controlled substance (cocaine) in violation of Health and Safety Code section 11352. The trial court denied probation and sentenced defendant to a three-year term. Defendant received credit for 91 days. Defendant has appealed his sentence, contending that the trial court improperly failed to state reasons for denying probation and sentencing him to state prison. We disagree and shall affirm.

## FACTS[1]

In February 1990, an informant contacted Detective Roger Sosa of the City of Riverside Police Department and informed him that an individual identifying himself as "Perico" was interested in contacting others who wanted to purchase large amounts of cocaine. "Perico," later identified as defendant, had told the informant that he would sell as many as five kilograms of cocaine at $19,500 per kilogram.

Working undercover, Detective Sosa contacted defendant and arranged to meet him in Fairmont Park on March 9, 1990. At the meeting, defendant told Sosa that he could deliver from three to five kilograms of cocaine to Sosa through his drug contacts. Defendant arranged to sell Sosa one ounce of cocaine so that Sosa could determine the quality of the drug. At a second meeting at Fairmont Park, defendant delivered one ounce of cocaine to Sosa, for which Sosa paid defendant $650.

Another meeting between defendant and Detective Sosa took place in the parking lot of a fast food restaurant located near Country Village Road and Highway 60 in Riverside County. Juan Elias Alcazar, defendant's associate, was also present at the meeting. Defendant told Sosa that they would drive to Santa Ana, where the delivery of between three and five kilos of cocaine would be completed. Defendant insisted, however, that Sosa pay the purchase money "up front." At that point, Sosa signalled the assisting officers in the area, and defendant and Alcazar were arrested.

Additional facts will be referred to, as needed, in the discussion which follows.

## DISCUSSION

■ Defendant's sole contention on appeal is that the trial court committed prejudicial error in failing to state its reasons for denying probation and sentencing him to the mitigated term of three years. Initially, we revisit the issue of whether a denial of probation is a sentencing choice for which reasons must be stated.

Penal Code section 1170, subdivision (c) requires that the trial court state the reasons for its sentencing choice on the record at the time of sentencing. The appellate courts have been somewhat at odds concerning whether a trial

---

[1]Because defendant pled guilty, the statement of facts is derived from information in the probation officer's report and the preliminary hearing transcript contained in the clerk's transcript.

court is required to state reasons for denying probation and then imposing a state prison term. The issue usually arises in the context of denial of probation and imposition of a middle term. Division One of this district, following the rule as stated in *People* v. *Arceo* (1979) 95 Cal.App.3d 117 [157 Cal.Rptr. 10], has said that the trial court must state reasons for denying probation but is not required to state reasons for sentencing a defendant to prison for the midterm. (*People* v. *Haynes* (1984) 160 Cal.App.3d 1122, 1138 [207 Cal.Rptr. 139]; see *People* v. *Jackson* (1987) 196 Cal.App.3d 380, 387 [242 Cal.Rptr. 1]; *People* v. *Romero* (1985) 167 Cal.App.3d 1148, 1151 [213 Cal.Rptr. 774]; *People* v. *Thompson* (1982) 138 Cal.App.3d 123, 127 [187 Cal.Rptr. 612]; *People* v. *Salazar* (1980) 108 Cal.App.3d 992, 1000, fn. 3 [167 Cal.Rptr. 38].)

Other courts have concluded that the trial court is not required to state reasons for denying probation, but under California Rules of Court, rule 439(d),[2] it need only state its reasons for imposing a midterm state prison sentence and may do so "directly with explicit reasons or indirectly by stating why probation was deemed inappropriate."[3] (*People* v. *Crouch* (1982) 131 Cal.App.3d 902, 904 [182 Cal.Rptr. 701]; see *People* v. *Pennington* (1989) 213 Cal.App.3d 173, 176 [261 Cal.Rptr. 476]; *People* v. *Bobb* (1989) 207 Cal.App.3d 88, 96-97 [254 Cal.Rptr. 707]; *People* v. *Gopal* (1985) 171 Cal.App.3d 524, 548-549 [217 Cal.Rptr. 487]; *People* v. *Butler* (1980) 107 Cal.App.3d 251, 254, fn. 4 [165 Cal.Rptr. 709] [Fourth Dist., Div. One]; *People* v. *Ramos* (1980) 106 Cal.App.3d 591, 599 [165 Cal.Rptr. 179]; see also *People* v. *Douglas* (1987) 193 Cal.App.3d 1691, 1696 [239 Cal.Rptr. 252].)

Yet another court has noted: "The distinction is minor, if not meaningless here: All decisions agree that the court must state reasons for some element of its choice of imprisonment." (*People* v. *Mobley* (1983) 139 Cal.App.3d 320, 324 [188 Cal.Rptr. 583].) In only one of these cases, *People* v. *Ramos*, *supra*, 106 Cal.App.3d 591, did the court cite the relevant advisory committee comment: "Neither section 1170(c) nor these [sentencing] rules requires the judge to give reasons explaining why possible dispositions were rejected; for example, the judge must state his reasons for imposing a prison sentence, but *need not explain why he denied probation* . . . ." (Italics added.) (*Id.*, at

---

[2]All further references to rules are to the California Rules of Court unless otherwise specified.

[3]It is noted that rule 439 was repealed and replaced by rule 420, effective January 1, 1991. Most importantly subdivision (d) of the former rule was not retained. Rule 439(d) provided: "Selection of the middle term does not relieve the court of its obligation under section 1170(c) to state the reasons for imprisonment as its sentence choice." In any event, rule 439(d) does not apply here because defendant was sentenced to the lower term, not the middle term.

p. 599, quoting the advisory committee com. to rule 443; see also *People* v. *Gopal, supra*, 171 Cal.App.3d at p. 548.)

Upon reexamination, we believe that our analysis in *People* v. *Golliver* (1990) 219 Cal.App.3d 1612 [269 Cal.Rptr. 191], is consistent with the requirements of the applicable *statute* and rules. In that opinion, we indicated, albeit in dicta, that the decision to deny probation *is not* a "sentencing choice" as that phrase is defined in rule 405(f). As pointed out in *Golliver*, "Rule 405(f) of the California Rules of Court defines 'sentence choice' to mean: '. . . the selection of any disposition of the case which does not amount to dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence.' Thus, while a decision to imprison a defendant would be a 'sentence choice' under rule 405(f), the concomitant 'decision' to deny probation to that defendant (which is, of course, actually nothing more than a necessary result of the decision to imprison rather than a separate decision) is not such a 'sentence choice.' [Citation.]"[4] (*Id.*, at p. 1616, fn.2.)

We now hold, consistent with the dicta stated in *People* v. *Golliver, supra*, at page 1616, footnote 2, that denial of probation is not a sentencing choice within the meaning of subdivision (c) of section 1170, and rule 405(f). Consequently, the trial court need not state any reasons for such denial.[5]

We next turn to the question of whether the court in this case was required to state reasons when it sentenced defendant to the lower term.

Here, when the court sentenced defendant to state prison for three years, it stated: ". . . it is going to be the sentence of the Court, Mr. Villaneuva, that probation be denied. Pursuant to the plea bargain the Court would sentence you to the low term rather that the mid or upper term since the plea bargain was sentence to state prison for no more than the low term."

As the trial court commented, defendant and the district attorney, pursuant to Penal Code section 1192.5, entered into a plea bargain whereby the

---

[4]The last sentence in rule 405(f) has been eliminated by recent amendment, effective January 1, 1991. See also footnote 5, *post*.

[5]Recent amendments to the sentencing rules for the superior court, effective January 1, 1991, parallel this holding. Rule 405(f) defines a "sentence choice" to mean "the *selection of any disposition* [not the denial of a potential disposition] of the case which does not amount to a dismissal, acquittal or grant of a new trial." Rule 406(b) states that "Sentence choices that generally require a statement of reasons include: (1) granting probation; (2) imposing a prison sentence and *thereby* denying probation; . . . ." (Italics added.) These provisions impliedly provide that if a defendant is eligible for probation and a prison sentence is imposed, that decision results in a de facto denial of probation without the requirement that the trial court recite reasons for such. The court, however, may have to state reasons for its prison sentence choice. (See rules 406(a), 406(b)(4), 406(b)(5), 406(b)(6), 412(a), 420(e).)

defendant agreed to plead guilty to the charged offense and the district attorney agreed to the court considering placement of defendant on probation, for which he was eligible, or if such was denied, sentencing defendant to the lower term of the sentence range for that offense, i.e. three years. The court approved and accepted the plea bargain and defendant entered his plea of guilty pursuant to such.

Rule 440(a) is, therefore, applicable and dispositive.[6] It provides that under such circumstances, a defendant's specification of punishment and the prosecutor's acceptance of it is an adequate reason for imposition of the punishment specified. Consequently, the trial court was not required to state any reasons for imposing the mitigated prison term of three years. (*People* v. *Tucker* (1986) 187 Cal.App.3d 295, 297 [231 Cal.Rptr. 671].) In our view, the sentence was imposed in accordance with all required procedural rules and is legal.

## DISPOSITION

The judgement is affirmed.

McKinster, J., and McDaniel, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied August 28, 1991.

---

[6]Rule 440(a), was repealed effective January 1, 1991, but replaced with rule 412(a), which is substantively the same.

*Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.