[No. A054622. First Dist., Div. Two. Nov. 25, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES DAVID BOWEN, Defendant and Appellant.

**COUNSEL**

Kim Calder Hayes, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Don Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KLINE, P. J.**—Defendant appeals from his convictions on two consolidated charges of driving under the influence with prior convictions. He contends that the court erred in denying probation and sentencing him to prison. We find no error.

### BACKGROUND

Defendant pleaded guilty to driving under the influence of alcohol on January 26, 1991, in violation of Vehicle Code section 23152, subdivision (a). He also pleaded guilty to driving with excessive blood alcohol on March 9, 1991, in violation of Vehicle Code section 23152, subdivision (b). He admitted three prior convictions for alcohol-related driving offenses, subjecting him to imprisonment under Vehicle Code section 23175.

Two probation reports were submitted. The first, prepared for a hearing in June 1991, recommended a prison sentence based in part on the probation

officer's belief that defendant was on probation when the January offense was committed. At the hearing, defense counsel disputed this assertion on the basis of transcripts showing that defendant's probation had terminated prior to the present offenses. The prosecutor stated he was "satisfied, looking at the certified records, that [defendant] was not on probation at the time of the offense in this case." The court stated, "I reject the representation made by the Probation Officer's report that he was on probation at the time of his commission of this offense."

In the second probation report submitted for a continued sentencing hearing in July, the probation officer again recommended that probation be denied and defendant sentenced to state prison. The report acknowledged that defendant's previous probation had been terminated before he committed the present offenses. That probation had, however, been summarily revoked after only three months, and defendant had eventually served thirty days in jail, for moving to Texas without his probation officer's permission. This led the probation officer in this case to conclude that it was "highly unlikely that he would be able to perform well on probation in this case." Further, although defendant had entered an alcohol treatment program in April 1991, he had an impressive history of alcohol and drug abuse. In addition to the adult convictions charged against him, he had been the subject of sustained juvenile court petitions for violating Business and Professions Code section 25662 (minor in possession of alcohol) and twice violating Penal Code section 647, subdivision (f) (public intoxication). The probation officer noted as "an overriding consideration" that the March 1991 offense was committed while defendant was out on bail from the January offense. He concluded that imprisonment for the middle term appeared to be the appropriate sentence choice.

At the hearing the deputy district attorney stated that the sentencing issue was "a tough one to call." She noted that defendant had committed a felony while another felony prosecution was pending, but also that two facts might suggest leniency: "He only has four priors and in many of [these] kinds of cases in which there is a prison commitment, we see seven, eight, ten priors. [¶] And he is young in age." Defense counsel asked for probation, noting that there was "some confusion" about defendant's compliance with the previous probation, that defendant had only been 18 at the time of his supposedly unauthorized departure from the state, and that he had completed an alcohol treatment program and intended to enter another, longer-term program.

The court denied probation and selected imprisonment, stating its reasons as follows: "First of all, considering the defendant's youth he has a significant record of prior criminal conduct as a juvenile and as an adult. [¶]

Secondly, his prior performance on probation was unsatisfactory. [¶] Third, I question his willingness to comply with appropriate conditions of probation in this case, and in forming that doubt, I take account of his violation of conditions of probation in the Sonoma County case. [¶] Fourthly, his ability to comply with appropriate conditions of probation in this case [is] indicated to be poor by his history of alcohol use, his poor level of education, and his poor employment record. [¶] And lastly, it appears likely that he will be a danger to others if he is not imprisoned since it appears likely that he will continue to drive on public streets while intoxicated." The court then imposed the lower term of 16 months on one offense and ordered the other served consecutively, for a total sentence of 24 months.

## I.

### Dual Use of Facts

Defendant seeks to show that the denial of probation rested on an improper multiple use of sentencing factors. Such "multiple use of facts" has been prohibited in various contexts. A sentencing court may not rely on the same fact to impose a sentence enhancement and the upper term. (Pen. Code, § 1170, subd. (b); see Cal. Rules of Court, rule 420(c).) Nor may a fact constituting an element of the offense be used to impose the upper term. (Cal. Rules of Court, rule 420(d).)

Defendant contends that a similar prohibition precluded the trial court's reliance here on his prior convictions in support of the denial of probation.[1] Although much of the argument is stated obliquely, it implicitly proceeds as follows: (1) the prior convictions were an element of the offense in that they were necessary to bring defendant within section 23175; (2) the court thus used the same fact to supply an element of the offense and to deny probation; (3) such dual use constituted error; and (4) the error was prejudicial.

We question all four of these contentions, but rest our holding on the fatal flaw in the first one. That is, we reject the premise that the prior convictions

---

[1]Prior to 1991 courts were divided over the question whether the denial of probation is a "sentence choice" for purposes of the sentencing laws. (See *People* v. *Villanueva* (1991) 230 Cal.App.3d 1157, 1159-1161 [281 Cal.Rptr. 688], and cases cited there.) The pertinent rule now provides that the court makes a sentence choice by "imposing a prison sentence and thereby denying probation." (Cal. Rules of Court, rule 406(b)(2).)

were an element of the offense. Prior convictions under Vehicle Code section 23175 are not elements of the offense but facts enhancing punishment.[2]

In *People* v. *Weathington* (1991) 231 Cal.App.3d 69, 90 [282 Cal.Rptr. 170], review denied, the court held that in a prosecution under Vehicle Code sections 23152 and 23175, the defendant's prior drunk driving convictions are not an element of the charged offense for purposes of Proposition 8 (Cal. Const., art. I, § 28, subd. (f)).[3] "Generally speaking," the court observed, " 'the *corpus delicti* of the offense [has long consisted of] proof of the ultimate facts that the automobile in question was being driven . . . by some person who was then and there under the influence of intoxicating liquor' (*People* v. *Ellena* (1924) 67 Cal.App. 683, 686 [228 P.2d 389]) or who has .08 percent or more, by weight, of alcohol in his or her blood (§ 23152, subd. (b))." (231 Cal.App.3d at p. 89, fn. omitted, brackets, ellipses in original.) Thus the crime is committed by driving drunk; the prior convictions are not elements of the offense, nor are they inherent in the commission of the crime. They are facts justifying enhanced punishment. (See *People* v. *Bouzas* (1991) 53 Cal.3d 467, 480 [279 Cal.Rptr. 847, 807 P.2d 1076].)

There is no prohibition on using the same fact to deny probation and enhance punishment. (*People* v. *Haynes* (1984) 160 Cal.App.3d 1122, 1138 [207 Cal.Rptr. 139]; *People* v. *Hunt* (1982) 133 Cal.App.3d 543, 563 [184 Cal.Rptr. 197].) Until 1991, the sentencing rules explicitly so provided. (Cal. Rules of Court, former rule 441(a), repealed eff. Jan. 1, 1991.) Although that provision was not preserved in the general reorganization of the rules, the Advisory Committee comment to the successor rule continues to note that "the same act or fact [may] be considered in denying probation and in selecting the upper prison term." (Vol. 23, pt. 1, West's Ann. Civ. & Crim. Court Rules Codes (1992 Supp.) p. 146.)

We conclude that the prior convictions were not an element of the offense and it was therefore permissible to rely on them in denying probation.

---

[2]Vehicle Code section 23175, subdivision (a), provides: "If any person is convicted of a violation of Section 23152 and the offense occurred within seven years of three or more separate violations of Section 23103, as specified in Section 23103.5, or Section 23152 or 23153, or any combination thereof, which resulted in convictions, that person shall be punished by imprisonment in the state prison, or in the county jail . . . ."

[3]The cited constitutional provision "requires proof in open court of the fact of a prior felony conviction which is an element of the charged offense." (*People* v. *Weathington, supra,* 231 Cal.App.3d at p. 85; see *People* v. *Valentine* (1986) 42 Cal.3d 170, 181-182 [228 Cal.Rptr. 25, 720 P.2d 913].)

## II.

### *Other Contentions*

Defendant seems to suggest that the finding of a probation violation is unsound because it rested on "material inaccuracies" in the probation report. The suggestion is not supported by cogent analysis or even discussion; defendant merely quotes at length from a preliminary sentencing hearing. The transcript of that hearing discloses that defense counsel successfully persuaded all participants in the proceeding that defendant was not on probation when he committed the present offenses. The court explicitly rejected the contrary assertion in the probation report. We are therefore left to guess at the nature of the supposed error.

The finding of a probation *violation* manifestly rested not on the inaccuracy in the original report but on the fact that in 1987 defendant left California for Texas without the consent of his probation officer. He was jailed for violating probation upon his return to California in 1990. It is of no moment that these facts rest on hearsay reports from a previous probation officer. ■ "The fact that a probation report contains hearsay is in itself not improper . . . . If the defendant feels the probation report is insufficient or inaccurate, or is based upon unreliable information, he or she may present witnesses to counteract or correct any portion of the report." (*People* v. *Bloom* (1983) 142 Cal.App.3d 310, 320 [190 Cal.Rptr. 857].) No attempt was made here to invoke this right.[4] No error appears.

Defendant makes various other assertions the only apparent pertinence of which is to suggest that the trial court abused its discretion by denying probation. None of them is sufficient to establish such an abuse. Thus, we may readily agree that defendant's three prior convictions did not "require" the court to deny probation or impose a prison sentence. The question is not whether the court was "required" to act as it did, but whether its ruling was a manifest abuse of discretion. Defendant's assertion that his criminal record was "relatively insignificant" falls well short of demonstrating error. As for the assertion that "local practice in Lake County" requires more than three prior convictions before a drunk driver is committed to prison, we are given no reason to suppose that the trial court was bound in any sense by "local practice in Lake County."

---

[4]Defense counsel asserted that defendant could testify that he had notified his probation officer before going to Texas. One might assume that this claim was unsuccessfully asserted in the probation revocation proceedings in Sonoma County in 1990. In any event there was no attempt to actually present evidence on this point. The trial court had no obligation to accept in rebuttal counsel's unsworn recitation of defendant's view of events.

The judgment is affirmed.

Smith, J., and Benson, J., concurred.