[No. E026720. Fourth Dist., Div. Two. June 12, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ALLEN STEWART, Defendant and Appellant.

**COUNSEL**

James L. Crowder, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Robert M. Foster and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HOLLENHORST, Acting P. J.**—Notwithstanding a negotiated plea agreement that stipulated defendant was vulnerable to a six-year prison term, he challenges his six-year sentence. On our own motion, we noted that defendant had failed to obtain a certificate of probable cause and we asked the parties to file supplemental briefs addressing the significance of this fact. As discussed below, the appeal will be dismissed because defendant failed to comply with Penal Code section 1237.5 and California Rules of Court, rule 31(d).[1] (See *People v. Panizzon* (1996) 13 Cal.4th 68 [51 Cal.Rptr.2d 851, 913 P.2d 1061]; *People v. Young* (2000) 77 Cal.App.4th 827 [91 Cal.Rptr.2d 916].)

### FACTUAL AND PROCEDURAL BACKGROUND

In 1998, the woman who was married to defendant at the time informed the police that defendant had molested her children from her previous marriage. An officer interviewed one of the children (Victim I) who said that he was molested by defendant at least once a month between October of 1991 and March of 1993. Defendant would have Victim I, who was 10 years old at the time, sit on his lap while they were driving the car. While Victim

---

[1] All statutory references are to the Penal Code unless otherwise indicated. Section 1237.5 provides, as pertinent here: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty . . . , except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

The first paragraph of California Rules of Court, rule 31(d) implements section 1237.5. It provides, as pertinent here: "If a judgment of conviction is entered upon a plea of guilty . . . , the defendant shall, within 60 days after the judgment is rendered, file as an intended notice of appeal the statement required by section 1237.5 of the Penal Code; but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section. . . ." All future rule references are to the California Rules of Court.

I would steer the car, defendant would fondle his genitals. The last incident occurred in mid-1993. Victim I did not ask defendant to stop because he loved defendant and did not want to disappoint him. Victim I had lost his real father and looked to defendant as a father figure.

Defendant was arrested for child molestation. After he waived his rights, he was interviewed on tape and admitted that he had molested Victim I and his two older siblings as well. Defendant said the factual account given by Victim I was true.

An information charged defendant with six counts of lewd acts with a child (§ 288, subd. (a)) and alleged that defendant occupied a position of special trust (§ 1203.066, subd. (a)(9)). The information was amended to add two counts: count 7 charged continuous sexual abuse of a child (§ 288.5, subd. (a)) and count 8 charged a lewd act with a child (§ 288, subd. (a)).[2] Pursuant to a plea bargain, defendant pled guilty to counts 7 and 8 and waived any statute of limitations issue. In exchange, counts 1 through 6 were dismissed. The bargain provided "[d]efendant to serve a 6 year lid with the possibility of probation."

Before accepting defendant's plea, the court explained: "If you were given probation—and I will tell you *it is going to be based entirely upon the 288.1 report*—weekends would be contemplated at the time of pronouncement of judgment. *If the 288.1 report is positive,* the Court would strongly consider, but I do not guarantee probation. But I would strongly be inclined towards probation. [¶] If the Court gives you probation under these circumstances, with satisfactory proof of employment, the Court would be strongly inclined to give you weekends. That is an indication of what I would be inclined to do. It is not a guarantee. Do you understand that?" Defendant replied, "Yes, your Honor." (Italics added.)

Without objection, the court appointed Dr. Marjorie Graham-Howard to prepare the section 288.1 report.

Later in the proceeding, the trial court again told defendant its decision regarding probation would depend on the 288.1 report. Once, as the trial court was reviewing defendant's declaration with him, defendant inquired about his driving privileges in the event he was placed on probation. The court responded that it would "reserve any indication on that until time of pronouncement of judgment. You have heard the discussion that I had earlier in court. *I will need to take a look at the 288.1 report.*" (Italics added.) Again,

---

[2]Two different victims were identified: Victim I, who was born in 1981, and Victim II, who was born in 1979.

while reviewing the terms of the bargain with defendant, the court stated, in part: "And most importantly, counsel and the Court have indicated that *if the 288.1 is positive,* probation will be given a strong and serious consideration. That consideration would clearly not be available were he to be convicted of the six counts of which he is currently charged." (Italics added.)

The court inquired whether defense counsel wished to comment, and defense counsel declined. The court asked whether defendant had "any questions about it whatsoever?" Defendant said, "No, your Honor."

The court ordered defendant to see Dr. Graham-Howard and report to probation.

At the sentencing hearing, the court stated it had "received, read and considered both the probation officer's report as well as the 288.1 psychological evaluation prepared for the Court by Dr. Graham-Howard. [¶] The Court also had an opportunity to speak with counsel this morning in chambers." The court indicated the "reports were substantially different than . . . [it] had anticipated . . . ."

The victims' mother, who was defendant's former wife, spoke. She requested leniency, but stated she had "mixed emotions" because of the "three children at home who are small kids." Defense counsel challenged Dr. Graham-Howard's conclusion that defendant would not benefit from a treatment program and did not meet the criteria of probation. The prosecutor argued in support of Dr. Graham-Howard's conclusion and urged the court to follow the probation officer's recommendation to deny probation and impose a state prison sentence.

The court denied probation and imposed concurrent six-year terms, stating in part that the report indicated defendant was "a great danger to the community," but that it could not *go above the six years. That was the plea bargain agreement.*" (Italics added.)

## DISCUSSION

On appeal, defendant contends the trial court abused its discretion by denying probation based on the section 288.1 report, the trial court failed to give adequate reasons for denying probation, and the trial court erroneously relied on the probation report because it was inadequately reasoned.

Defendant's argument challenging the trial court's reliance on his probation report was waived by his failure to make a specific and timely

objection below. (*People v. Scott* (1994) 9 Cal.4th 331, 352-353 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

■ Defendant's argument challenging the trial court's reasons for denying probation and imposing the six-year prison term is meritless. There are two principal reasons for the requirement that the trial court "state the reasons for its sentence choice on the record at the time of sentencing" (§ 1170, subd. (c)): first, to provide a basis for meaningful review (*People v. Lock* (1981) 30 Cal.3d 454, 459 [179 Cal.Rptr. 56, 637 P.2d 292]); second, to assess whether sentencing courts are imposing like sentences in like situations (*People v. Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66]). It is, however, well established that a sentencing court is not required to provide reasons for sentence choices made when the defendant, as part of a negotiated plea, pleads to an offense and states on the record his understanding of the court's power to sentence him to a term of at least the length imposed. (Rule 4.412(a);[3] *People v. Villanueva* (1991) 230 Cal.App.3d 1157, 1162 [281 Cal.Rptr. 688].) Here, defendant's declaration, signed by his attorney, the prosecutor and the judge satisfies the record recitation requirement.

Furthermore, defendant is precluded from attacking the trial court's consideration of the section 288.1 report because he indicated his agreement when, at the plea hearing, the court advised him that its decision regarding probation would be based on that report. In these circumstances, defendant's argument is precluded under principles of waiver, estoppel and invited error. (See, e.g., *People v. Scott, supra,* 9 Cal.4th 331, 352-354; *People v. Wader* (1993) 5 Cal.4th 610, 657-658 [20 Cal.Rptr.2d 788, 854 P.2d 80]; *People v. Cooper* (1991) 53 Cal.3d 771, 827 [281 Cal.Rptr. 90, 809 P.2d 865].)

■ Defendant's abuse of discretion contention is a claim that the prison term imposed "exceeds the bounds of reason, all of the circumstances being considered." (*People v. Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].) It is a relevant circumstance that the conditions of defendant's plea agreement included his vulnerability to a prison term of not more than six years. Such an agreed sentence vulnerability is tantamount to a stipulation that the six-year term was within the range of reasonableness for the crimes defendant had committed. (*People v. Tucker* (1986) 187 Cal.App.3d 295, 296 [231 Cal.Rptr. 671].) Thus, defendant's appeal is meritless or frivolous. ■ " '[S]creening out wholly frivolous guilty [and nolo contendere] plea appeals before time and money is spent preparing the record

---

[3]Rule 4.412(a), formerly rule 412(a), provides: "It is an adequate reason for a sentence or other disposition that the defendant, personally and by counsel, has expressed agreement that it be imposed and the prosecuting attorney has not expressed an objection to it. The agreement and lack of objection shall be recited on the record."

and the briefs for consideration by the reviewing court[]' [citations]" is the purpose of section 1237.5 and rule 31(d). (*People v. Panizzon, supra,* 13 Cal.4th 68, 75-76.)

In *People v. Panizzon, supra,* 13 Cal.4th at page 79, our Supreme Court concluded that "a challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself" and thus is subject to compliance with section 1237.5. Panizzon pled no contest to various felony counts, admitted a weapons use enhancement, and agreed to a sentence of life with the possibility of parole plus 12 years, in exchange for the dismissal of additional counts. After he was sentenced in conformity with the plea bargain, he filed a notice of appeal, claiming his sentence was disproportionate to the sentences imposed upon his codefendants and thus violative of the federal and state constitutional prohibitions against cruel and unusual punishment. In rejecting his contention that his appeal was based on a postplea error (for which a probable cause certificate was not required), the high court observed "all the trial court did here was to sentence defendant in accordance with the previously entered plea." (*People v. Panizzon, supra,* 13 Cal.4th 68, 78.) The Supreme Court ruled: "[T]hat the events supposedly giving rise to defendant's disproportionality claim occurred afterwards . . . is of no consequence. Rather, 'the crucial issue is *what* the defendant is challenging.' [Citation.] Here, by contesting the constitutionality of the very sentence he negotiated as part of the plea bargain, defendant is, in substance, attacking the validity of the plea. For that reason, and consistent with [*People v.*] *McNight* [(1985)] 171 Cal.App.3d 620 [217 Cal.Rptr. 393], we hold that the certificate requirement of section 1237.5 applies." (*People v. Panizzon, supra,* 13 Cal.4th 68, 78.)

█ The Supreme Court explained: "In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5. [Citation.]" (*People v. Panizzon, supra,* 13 Cal.4th 68, 76.)

█ Defendant argues *Panizzon* is inapplicable to this case because he is not asserting a constitutional challenge and his plea bargain did not specify a particular sentence.

Admittedly, defendant is not challenging the constitutionality of his sentence. However, in our view, it is the not the nature of the challenge that is

relevant; rather, it is that the challenge is to a term of the agreement. That view is bolstered by the purpose of section 1237.5 and rule 31(d), as well as by *People v. McNight, supra,* 171 Cal.App.3d 620. *McNight* influenced the *Panizzon* court's conclusion that the certificate requirement of section 1237.5 applies when a defendant challenges a sentence imposed in accordance with a previously entered plea. (*People v. Panizzon, supra,* 13 Cal.4th 68, 77-79.)

In *People v. McNight, supra,* 171 Cal.App.3d 620, the prosecution dismissed various charges and agreed to recommend a prison term of 21 years in exchange for McNight's guilty plea. After the trial court imposed the recommended sentence, McNight sought to challenge the sentence on the ground that consideration of mitigating circumstances should have resulted in imposition of a sentence less than the agreed-upon sentence. The Court of Appeal dismissed McNight's appeal, determining that his challenge to the imposition of his negotiated sentence went to the heart of his plea agreement and therefore constituted a challenge to the validity of his plea. McNight unsuccessfully tried to convince the Court of Appeal that section 1237.5 was inapplicable because he did not seek withdrawal of his guilty plea, but only appellate review of the postplea sentencing procedure. The Court of Appeal rejected McNight's argument. Applying the "substance-of-the-appeal" test, the court determined that McNight was, in effect, claiming he was prejudiced by the trial court's acceptance of the prosecutor's recommended sentence and by his counsel's failure to argue mitigating circumstances. (*People v. McNight, supra,* 171 Cal.App.3d 620, 624.) In *McNight* the Court of Appeal noted that the sentencing court had acted in complete accordance with the terms of the plea agreement. Under those circumstances, the Court of Appeal concluded, the imposition of sentencing at the postplea hearing was not so separate and distinct from McNight's guilty plea as to implicate a postplea sentencing issue for which a certificate under section 1237.5 was not required. (*People v. McNight, supra,* 171 Cal.App.3d 620, 624.) As the above discloses, McNight did not assert a constitutional challenge to the recommended sentence. Thus, defendant here is not relieved of the certificate requirement merely because he does not assert a constitutional challenge to his negotiated sentence.

Defendant argues that *Panizzon* only applies when the plea agreement specifies a particular sentence which would obviate the need for an adversary hearing. A similar argument was rejected in *People v. Young, supra,* 77 Cal.App.4th 827. In exchange for Young's plea, the prosecution agreed to a maximum sentence of 25 years to life, with the understanding that Young could seek a lesser sentence. The trial court declined to strike any of Young's prior conviction allegations and imposed the agreed maximum term

of 25 years to life. (*People v. Young, supra,* 77 Cal.App.4th 827, 830.) On appeal, Young attacked his sentence. The Court of Appeal concluded that by attacking his sentence, he was arguing that part of his plea bargain was illegal and thus he was attacking the validity of the plea. Having failed to obtain a certificate of probable cause, Young's appeal was not properly before the reviewing court. "[B]y attacking the maximum term, defendant seeks to void a term of the agreement to which both parties agreed to abide [citation], and is 'in substance, attacking the validity of the plea.' [Citation.] [¶] . . . Accordingly, section 1237.5 requires a showing of reasonable grounds to challenge the validity of that which was agreed before an appeal can be pursued. Defendant's attack on the legality of his maximum sentence is an effort to unilaterally improve, and thus alter, the terms of that which was agreed and thus should not be permitted without a certificate of probable cause. To allow defendant to challenge a term in his plea agreement without obtaining a certificate of probable cause would defeat the purpose of the statute and undermine the benefits—certainty and economy—that a plea agreement is intended to achieve." (*People v. Young, supra,* 77 Cal.App.4th 827, 832-833.)

Defendant argues that *Young* is inapplicable because his bargain did not involve a maximum sentence, but a sentencing limit—a "lid." We are unpersuaded that this distinction should make a difference in our ruling. Like Young, defendant knew exactly what his maximum exposure was at the conclusion of the negotiations. And, as in *Young,* defendant's challenge of his six-year sentence is an effort to unilaterally improve and alter the terms of his plea bargain. No good reason exists to distinguish his situation and we decline to do so. To proceed with his challenge, defendant must comply with the requirements of section 1237.5 and rule 31(d).

Defendant also argues that dismissal of his appeal is contrary to the California Supreme Court's decision in *People v. Lloyd* (1998) 17 Cal.4th 658 [72 Cal.Rptr.2d 224, 951 P.2d 1191] and *People v. Jones* (1995) 10 Cal.4th 1102 [43 Cal.Rptr.2d 464, 898 P.2d 910]. *Lloyd* and *Jones* are inapplicable because neither involved a plea bargain that specified a sentence or sentence range that the defendant attacked on appeal.

In fact, Lloyd had entered a plea of nolo contendere "without a plea bargain." (*People v. Lloyd, supra,* 17 Cal.4th 658, 661.) The Supreme Court distinguished *Panizzon*: "In *Panizzon,* we recognized that, even if it purportedly challenges the sentence only, a defendant's appeal from a judgment of conviction entered on a plea of guilty or nolo contendere must be dismissed in the absence of a statement of grounds by the defendant and a certificate of probable cause by the trial court if, *in substance,* it challenges the validity of

the plea. [Citation.] It does so if the sentence was part of a plea bargain. [Citation.] It does not if it was not [citation] . . . ." (*People v. Lloyd, supra,* 17 Cal.4th 658, 665.)

In this case, unlike *Jones* and *Lloyd,* but like *Panizzon* and *Young,* defendant's challenge to his sentence was an attack on a term of his plea agreement.

Although *People v. Cole* (2001) 88 Cal.App.4th 850 [106 Cal.Rptr.2d 174], cited by defendant at oral argument, is not final because a petition for review was filed on May 24, 2001, we note it is distinguishable: Cole pled no contest to all charges—three felony counts—and admitted the priors allegations—two prior serious or violent felony convictions under the "Three Strikes" law and three prior prison terms. He "also initialed, signed, and filed with the court a written plea form. It reflected that the maximum possible punishment for the three charged counts was 75 years to life, and described the disposition as an 'open plea to court—no promises made.' " (*People v. Cole, supra,* 88 Cal.App.4th 850, 856.) Nonetheless, the appellate court characterized the plea as "a negotiated disposition." (*Id.* at p. 858.) It "spelled out the plea agreement": "[B]y clear implication from the record, [Cole] pled no contest with the assurance of concurrent rather than consecutive sentences on the three charged counts; the assurance that if sentenced to 25 years to life, the three prior prison term allegations would be stricken; and the further assurance that his motion to strike his prior serious or violent felony convictions, and obtain a sentence less than 25 years to life, would be given fair consideration under the law at a later hearing." (*Id.* at p. 859.)

On appeal, Cole raised four claims: "(1) he must be allowed to withdraw his plea, because it was 'manifestly influenced' by the superior court's promise to consider striking one or more of his prior serious or violent felony convictions; (2) his sentence of 25 years to life constitutes cruel and unusual punishment; (3) the superior court abused its discretion by failing to strike one of [Cole's] prior serious or violent felony convictions; and, (4) the trial court erred in imposing concurrent sentences on two counts rather than staying them pursuant to Penal Code section 654." (*People v. Cole, supra,* 88 Cal.App.4th 850, 854.) The *Cole* court concluded that the first two claims could not be raised without a certificate of probable cause because the claims attacked the validity of the plea and his fourth claim was barred by rule 4.412(b). (*People v. Cole, supra,* 88 Cal.App.4th 850, 854, 867.) However, the *Cole* court concluded the third claim—that the court abused its discretion by failing to strike one of Cole's prior strike convictions—could be raised without a probable cause certificate. (*People v. Cole, supra,* 88 Cal.App.4th 850, 854.) The *Cole* court acknowledged "that a maximum negotiated sentence in a plea bargain is as integral as a specific negotiated sentence." (*Id.*

at p. 871.) But it distinguished *People v. Young, supra,* 77 Cal.App.4th 827 as Young's "plea agreement 'did not reserve [his] right to challenge the constitutionality of the maximum sentence' " (*Cole,* at p. 871), while in *Cole* "the question of the court's exercise of discretion in imposing that sentence was reserved as a term of the negotiated agreement. . . ." (*Ibid.*)

In the case before us, defendant did not enter an "open plea" and his plea agreement contained no provision preserving a challenge to the trial court's imposition of the negotiated lid. Furthermore, the court had repeatedly indicated, without any objection from defendant, that its decision whether to grant probation would depend on the section 288.1 report.

Accordingly, we conclude that defendant may not challenge the sentence that was agreed as part of his plea bargain in the absence of a certificate of probable cause.

DISPOSITION

The appeal is dismissed.

McKinster, J., and Richli, J., concurred.

A petition for a rehearing was denied June 29, 2001, and appellant's petition for review by the Supreme Court was denied September 19, 2001. Chin. J., did not participate therein. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.