[No. D011005. Fourth Dist., Div. One. May 2, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
RAY HAYES, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III and IV.

**COUNSEL**

Patrick DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Janelle B. Davis and Pamela A. Ratner, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FROEHLICH, J.**—By an information, appellant Ray Hayes (Hayes) was charged (in count I) with assault with a deadly weapon. In connection with count I, it was alleged Hayes personally used a deadly weapon (Pen. Code,[2] § 1192.7) and, with intent, inflicted great bodily injury on the victim (§ 12022.7). Hayes was also charged with battery causing serious bodily injury (count II) and with exhibiting a deadly weapon other than a firearm (count III). It also was alleged Hayes was on probation for a prior felony conviction at the time of the offenses.

Hayes waived jury trial, and the court tried and found him guilty as charged on counts I and II, but acquitted him on count III. The court found the section 12022.7 enhancement allegations not true. However, it found that Hayes had personally used a deadly weapon in connection with count I. It also found he was on probation for a prior felony at the time of the offenses. Hayes was sentenced to a term of four years on count I, and to a two-year concurrent term for the probation violation in the other case. The court also imposed, but stayed under section 654, a four-year term on count II.

### I. *Facts*

There is little dispute over the facts concerning the offenses. The victim, Hayes's mother, was in her room when Hayes entered carrying a shovel. He said "Yeah, you like Fred [Hayes's brother], don't you?" He then struck his mother with the shovel on the left side of her head between the cheekbone and ear, knocking her to the ground. The blow rendered the victim unconscious for a few seconds and caused painful swelling, but did not break the skin.

Hayes attempted to strike the victim a second time as she rose to her feet, but she successfully avoided the blow. The victim then grabbed the shovel, and a struggle ensued. During the struggle the victim's boyfriend entered

---

[2] All statutory references are to the Penal Code unless otherwise specified.

the room, grabbed the shovel and threw it out the door. He also summoned the police.

When police arrived, Hayes was advised of his *Miranda* rights, which he waived. He told police he and his brother had been arguing; they had begun throwing bottles at each other; and when the victim tried to intervene, he (Hayes) picked up a shovel and hit her with it. Hayes also admitted to police "I knocked her out. I knocked her out."

## II. *Contentions on Appeal*

On appeal, and in his companion petition for writ of habeas corpus which is consolidated for disposition with his appeal, Hayes raises several claims of error. First, he claims the court prejudicially erred by considering and using during trial the victim's prior testimony (contained in the transcript of the preliminary hearing). Second, he urges the court erred in finding Hayes guilty of inflicting "serious bodily injury." Finally, he raises complaints about being excluded from the courtroom and the resultant denial of his right to testify.

## III., IV.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## V. *Hayes Was Not Denied Effective Assistance of Counsel*

Hayes next argues he was deprived of his right to testify, based on errors committed by the trial court (in excluding Hayes from the proceedings based on his disruptive behavior) and by his counsel (in waiving Hayes's right to testify without first consulting him and obtaining his permission). Our analysis involves several questions: (1) Did Hayes timely assert his right to testify? (2) Was the trial court's order to exclude Hayes from the proceedings error because it prevented him from asserting his right to testify? (3) Did defense counsel's waiver of Hayes's right to testify constitute reversible error based on "ineffective assistance of counsel?" After reviewing the facts, we will answer all questions in the negative.

### A. *Facts*

At trial, but prior to the beginning of testimony, Hayes engaged in a disruptive outburst in which he expressed belief his mother would not

---

*See footnote 1, *ante*, page 1226.

testify. In learning she would testify, Hayes questioned whether she was being forced to do so against her will. The court ordered a recess to allow tempers to cool.

When trial resumed and almost immediately after the victim began her trial testimony, Hayes repeatedly interrupted her with comments, some of which were profane, and questioned her veracity. The court warned Hayes on several occasions that continued outbursts would subject him to removal. His attempts to interrupt and question the victim and to dispute her version of the facts nevertheless persisted, prompting the court to again warn Hayes to speak through his attorney and that continued outbursts would result in his removal. The warning again went unheeded, as Hayes continued interposing remarks which disparaged the victim. At that point the court instructed the bailiff to remove Hayes upon his next outburst. Following another outburst in which he again questioned the victim's motives and credibility, Hayes was removed.

After the prosecution rested, the court ordered a brief recess to permit Hayes to return for the remainder of the proceedings. During this recess, Hayes and his counsel apparently engaged in discussion during which Hayes made loud and tumultuous death threats against both his counsel and a police officer who had testified. Hayes was again removed from the court. After the recess, the court asked defense counsel if he intended to offer any testimony, and he answered negatively. The court then obtained defense counsel's confirmation that regardless of the death threats just made, he never intended to call Hayes as a witness.

### B.  *Hayes Waived His Right to Testify*

██  Hayes correctly notes that the decision to place a defendant on the stand is ordinarily within the competence and purview of trial counsel, but that a defendant who insists on testifying may not be deprived of doing so even though counsel objects. (*People* v. *Robles* (1970) 2 Cal.3d 205, 214-215 [85 Cal.Rptr. 166, 466 P.2d 710].) While the defendant has the right to testify over his attorney's objection, such right is subject to one significant condition: The defendant must timely and adequately assert his right to testify. (*People* v. *Guillen* (1974) 37 Cal.App.3d 976, 984 [113 Cal.Rptr. 43].) Without such an assertion, ". . . a trial judge may safely assume that a defendant who is ably represented and who does not testify is merely exercising his Fifth Amendment privilege against self-incrimination and is abiding by his counsel's trial strategy." (*People* v. *Mosqueda* (1970) 5 Cal.App.3d 540, 545 [85 Cal.Rptr. 346]; see also *People* v. *Blye* (1965) 233 Cal.App.2d 143, 149 [43 Cal.Rptr. 231].) When the record fails to show such a demand, a defendant may not await the outcome of the trial and then

seek reversal based on his claim that despite expressing to his counsel his desire to testify, he was deprived of that opportunity. (*People v. Guillen, supra,* 37 Cal.App.3d at p. 985.)

■ Here, Hayes never clearly asserted a desire to testify. Although he sought to interject numerous comments during the proceedings, such comments carried no reference to a desire to take the stand. Instead, his comments fell into three basic groups: (1) expressions of anger that his mother had been called as a witness against him; (2) interruptions during the victim's testimony by interjecting claims the testimony was biased or untrustworthy; and (3) attempts to cross-examine the victim directly and/or argue his case.

While Hayes points to two outbursts as being timely asserted, our review of those statements in context does not reflect any unequivocal statement he wished to take the stand to testify. One outburst merely reflects an apparently angry and frustrated effort by Hayes to cross-examine his mother regarding the events leading up to the fracas.[8] The other eruption, which apparently occurred as Hayes was being escorted from the court, again appears to reflect his anger at his mother and a desire to argue his case before the court.[9]

Such equivocal statements do not constitute an "adequate" or "timely" assertion of a defendant's right to testify, particularly on this record, where counsel subsequently represents he never had any intention of calling Hayes as a witness. The waiver of the right to testify may be made by counsel, and the courts have wisely refused to impose a sua sponte obligation on the trial court to extract a personal waiver from the defendant. (See, e.g., *Siciliano v. Vose* (1st Cir. 1987) 834 F.2d 29, 30.) Absent his timely assertion of his desire to testify, Hayes is bound by his counsel's decision and must seek relief, if any is due, by showing ineffective assistance of counsel. (*People v. Mosqueda, supra,* 5 Cal.App.3d 540, 545-546.)

---

[8] In this exchange, after the mother had testified that Hayes's brother was not in the room when Hayes attacked her, Hayes yelled: "Could I speak? Could I speak? I was going to say, why was the fight provoked? See, okay, [Hayes's brother] provoked me, man, she was in the room, and she know [*sic*] it. She said—" In context, the expressed desire to "speak" was little more than an attempt to cross-examine his mother to elicit testimony that Hayes's brother provoked the fight.

[9] Again, during cross-examination of his mother, an angry Hayes asserted she was lying, that he was trying for months to get out of jail, and that he wanted "to speak on [his own] behalf." This somewhat amorphous statement could be construed in various ways (including Hayes's desire to be allowed to cross-examine the witness personally or to give his own closing argument), but does not reflect a clear and timely assertion of his desire to take the witness stand.

## C. *Excluding Hayes From the Proceedings Is Not Reversible Error*

■ Hayes next argues the trial court committed reversible error in excluding him from the proceedings because it prevented him from asserting his desire to testify. We find no error in the court's exclusion of Hayes, much less reversible error.

Although a defendant has a constitutional interest in personally attending trial proceedings, the right is not absolute. (*Illinois* v. *Allen* (1970) 397 U.S. 337, 342-343 [25 L.Ed.2d 353, 358-359, 90 S.Ct. 1057].) The trial court has the power to exclude a defendant from personally attending court proceedings where the defendant, having been warned that his persistent disruptive behavior would cause his removal, still engages in conduct which disrupts the trial proceedings. (§ 1043, subd. (b)(1).) Here the record amply supports the court's finding that despite numerous warnings Hayes continued his disruptive behavior within the meaning of section 1043.

Hayes argues, however, that it was impermissible to exclude him because it deprived him of a constitutionally protected interest, i.e., his right to assert in a timely manner his desire to testify. We disagree with his argument, because it is based on the erroneous premise that a court may never exclude a defendant if such exclusion might collaterally infringe on constitutional rights. The courts have consistently held that although a defendant has the constitutionally protected right to be personally present at trial, that right can be waived when, despite warnings, a defendant persists in unruly, contumacious behavior. (*Illinois* v. *Allen, supra,* 397 U.S. at p. 346 [25 L.Ed.2d at pp. 360-361].) When a defendant forfeits the right to attend trial personally because of his unruly behavior, certain constitutional rights (such as the right to confront witnesses) are necessarily lost. These constitutional rights are waived because of the defendant's conduct, not because the state has denied him such rights. While the state must accord due process to a defendant, "[d]ue process does not require the presence of the defendant if his presence means that there will be no orderly process at all." (*Id.* at p. 350 [25 L.Ed.2d at p. 363], Brennan, J., conc.)

In this case, Hayes's own behavior led to his exclusion. While his absence allegedly "prevented" him from timely asserting his right to testify,[10] his

---

[10] Hayes cites *People* v. *Blye, supra,* 233 Cal.App.2d 143 to support his contention that the lack of a timely objection can be excused when the defendant is excluded from the hearing. However, *Blye* has no application here. In *Blye,* the right to testify was waived by defense counsel during a chambers conference from which defendant was excluded, but defendant had not *waived* his right to be present. Certainly, under such circumstances the defendant was deprived of the chance to object; here, however, Hayes *waived* his opportunity to object.

contumacious behavior waived his right to be personally present, and thereby waived the attendant benefits of being personally present: to confront witnesses against him, to assist counsel in his defense, and to assert in a timely manner his right to testify. Since the right to testify can be waived by conduct and does not require a personal and explicit waiver (see, e.g., *U.S.* v. *Bernloehr* (8th Cir. 1987) 833 F.2d 749, 751, 752), we conclude Hayes's conduct waived his right to assert a desire to testify.[11]

### D. *Hayes Has Not Shown Ineffective Assistance of Counsel*

■ Although Hayes's unruly conduct and resulting expulsion effectively precluded him from personally asserting his alleged desire to testify, he nevertheless remained represented by counsel, who waived this right on his behalf. We perceive that a defendant who by his conduct waives his right to *personally* assert his desire to testify, effectively places that decision (along with many other tactical decisions) in the hands of his trial counsel, and trial counsel's decision not to place defendant on the stand provides no basis for relief, without a showing of ineffective assistance of counsel. (*People* v. *Mosqueda, supra,* 5 Cal.App.3d at pp. 545-546.)

To be entitled to relief based on ineffective assistance of counsel, Hayes has the burden of showing counsel's performance was inadequate and of

---

[11] Even assuming it was error to exclude Hayes from the portion of the proceedings during which his trial counsel rested his case, we cannot accept Hayes's contention it was per se reversible error. Most errors do not mandate automatic reversal. (See *People* v. *Lee* (1987) 43 Cal.3d 666, 674-676 [238 Cal.Rptr. 406, 738 P.2d 752] [aside from errors which abort the basic trial process, strong presumption that errors tested under *Chapman*].) Other courts which have examined identical claims have tested the error under the "harmless beyond a reasonable doubt" standard enunciated by *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065]. (See *Ortega* v. *O'Leary* (7th Cir. 1988) 843 F.2d 258, 262-263 [denial of right to testify tested under *Chapman*]; *Alicea* v. *Gagnon* (7th Cir. 1982) 675 F.2d 913, 925-926 [error in preventing defendant from testifying based on noncompliance with "alibi-notice" statute tested under *Chapman*]; *Wright* v. *Estelle* (5th Cir. 1977) 549 F.2d 971, affd. 572 F.2d 1071 (en banc).) The Supreme Court has tested analogous claims under a harmless error standard. (See *Crane* v. *Kentucky* (1986) 476 U.S. 683, 691 [90 L.Ed.2d 636, 645-646, 106 S.Ct. 2142] [harmless error test applied to erroneous exclusion of defense evidence].)

Under *Chapman*, a federal constitutional error is not reversible if after reviewing the record and assessing the impact of the deprivation the court is convinced the error was harmless beyond a reasonable doubt. (*People* v. *Anderson* (1987) 43 Cal.3d 1104, 1128 [240 Cal.Rptr. 585, 742 P.2d 1306].) Here, we are convinced that even assuming Hayes's exclusion from the courtroom "prevented" him from testifying, his testimonial silence was harmless beyond a reasonable doubt. The evidence (from both the victim and Hayes's admissions to police) overwhelmingly showed Hayes assaulted the victim, and not a scintilla of evidence suggested any defense existed. Indeed, Hayes does not suggest how the absence of his testimony prejudiced his right to a fair trial (*People* v. *House* (1970) 12 Cal.App.3d 756, 767 [90 Cal.Rptr. 831]), and neither the record nor Hayes's habeas corpus petition contains any suggestion of what testimony Hayes would have proffered in defense of the charges. There is nothing in this record even hinting that excluding Hayes was not harmless beyond a reasonable doubt.

affirmatively demonstrating he was prejudiced by trial counsel's errors. *(People* v. *Ledesma* (1987) 43 Cal.3d 171, 217-218 [233 Cal.Rptr. 404, 729 P.2d 839].) Were we to find that Hayes's habeas corpus petition contained sufficient facts to show the first prong,[12] Hayes's contention still fails because there is no demonstration of the second requirement—prejudice. As discussed above, the evidence of Hayes's guilt was overwhelming: The victim and a witness testified to the assault and Hayes's role as perpetrator, and Hayes effectively admitted his guilt in his statements to police. Hayes's habeas corpus petition neither states what testimony he would have proffered nor states that such testimony would have presented any cognizable defense in either mitigation or justification of the charged offenses. Because the record wholly lacks a showing that had Hayes been permitted to present his testimony there is a reasonable probability of a more favorable outcome (*People* v. *Fosselman* (1983) 33 Cal.3d 572, 584 [189 Cal.Rptr. 855, 659 P.2d 1144]), Hayes has failed to establish ineffective assistance of counsel.

## DISPOSITION

The judgment is affirmed. The petition for writ of habeas corpus is denied.

Huffman, Acting P. J., and Nares, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 31, 1991.

---

[12] Hayes's habeas corpus petition includes his own declaration stating he told his attorney he desired to testify, and his attorney's declaration stating the attorney had no recollection of discussing the matter with Hayes. Since the courts have held the decision to testify belongs to the client, even over his attorney's objection, and the standards of professional conduct provide that the client should make the decision after consultation with his attorney (ABA Model Rules Prof. Conduct, rule 1.2(a) (1983); ABA Standards for Criminal Justice, std. 4-5.2(a)(iii) (2d ed. 1980) pp. 4.65-4.66), we apprehend it would be negligent for an attorney to forget about calling his client to the stand if his client has communicated his firm desire to testify. Since Hayes's declaration alleges he communicated this desire, which is undisputed by his attorney, it appears Hayes has at least made a colorable showing of negligence.