Filed 12/12/13  P. v. Webb CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058727 |
| v. | (Super.Ct.No. FVA1201326) |
| ANTHONY CARL WEBB, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Anthony Carl Webb guilty of possession of a controlled substance for sale (Health & Saf. Code, § 11378).  In a bifurcated proceeding, the trial court found true that defendant had suffered a prior drug-related

1

conviction within the meaning of Health and Safety Code section 11370.2, subdivision (c). Defendant was sentenced to a total term of four years four months in county prison with credit for time served. Defendant appeals from the judgment. We find no error and will affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 2012, Fontana police officer Kyle Slusser was on patrol in the city of Fontana in an unmarked police vehicle when he saw defendant standing in front of his apartment complex, an area known for high narcotics. Officer Slusser made contact with defendant and asked him if he had anything illegal on him. Defendant then handed the officer a methamphetamine pipe with white residue inside and charring on the outside. Officer Slusser asked defendant if he had anything else on him, and defendant stated that he had "some dope in his back pocket." Defendant then handed the officer a magnet Hide-A-Key box with a baggie of methamphetamine inside. The methamphetamine weighed 2.1 grams with its packaging, and 1.5 grams without the packaging. Based on his training and experience, the officer opined the amount was "beyond" a useable quantity. The officer explained that a typical single use is 0.02 grams and that 1.5 grams could yield over seven single uses.

During the course of the incident, defendant gave Officer Slusser permission to search his apartment and bedroom. In defendant's bedroom, the officer found a scale and numerous unused small Ziploc baggies. Officer Slusser also seized defendant's cellular

2

telephone and $68 in cash in denominations of $1, $5, $10, and $20 bills from defendant's person. When the officer searched defendant's telephone's text messages, Officer Slusser read several texts asking defendant if defendant had any drugs for sale. Officer Slusser concluded that defendant possessed the methamphetamine for purposes of sale and explained that it is common for sellers of drugs to also be users.

After waiving his constitutional rights, defendant informed Officer Slusser that he had possessed the methamphetamine for personal use. Defendant also asserted that because the officer did not see him physically selling drugs, the officer could not prove that defendant was selling drugs.

On March 13, 2013, a jury found defendant guilty of possession of methamphetamine for sale (Health & Saf. Code, § 11378). In a bifurcated proceeding, on March 14, 2013, the trial court found true that defendant had suffered a prior drug-related conviction within the meaning of Health and Safety Code section 11370.2, subdivision (c).

On May 10, 2013, probation was denied and defendant was sentenced to the low term of 16 months for the substantive charge, plus a consecutive term of three years for the prior drug-related conviction. Defendant was awarded 96 days of actual presentence custody credits, and 96 days for conduct credits, for a total of 192 days for time served.

## II

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. Defendant states that he was denied a fair trial, claiming there was insufficient evidence to show that he had possessed the methamphetamine for purposes of sale. Specifically, he argues that he did not have any intent to sell drugs, but to only use, and that the officer's testimony was all a fabrication. Defendant also appears to argue that he was denied effective assistance of counsel because his counsel advised him not to testify due to his prior drug conviction.

On a challenge to the sufficiency of the evidence, we "review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence – – that is, evidence which is reasonable, credible, and of solid value – – such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578 (*Johnson*).)

"The essential elements of possession of a controlled substance are 'dominion and control of the substance in a quantity usable for consumption or sale, with knowledge of

4

its presence and of its restricted dangerous drug character. . . .' [Citations.]" (*People v. Palaschak* (1995) 9 Cal.4th 1236, 1242 (*Palaschak*).) Intent to sell must also be shown where possession for sale is alleged. (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1745-1747.) The elements may be proven by circumstantial evidence and any reasonable inferences drawn from such evidence. (*Palaschak*, *supra*, 9 Cal.4th at p. 1242.)

There is ample substantial evidence here that defendant possessed the methamphetamine for purposes of sale. A successful sufficiency of the evidence challenge requires there be no substantial evidence to support the jury's finding, and that is not the case here. (*Johnson*, *supra*, 26 Cal.3d at p. 562.) The testimony of an experienced police officer constitutes substantial evidence when determining whether the facts of a case indicate the possession of a controlled substance was for the purpose of sale. (*People v. Douglas* (1987) 193 Cal.App.3d 1691, 1695.) Previous cases rely on the opinions of experienced officers regarding narcotics possession with the purpose of sale based on quantity, packaging, and normal use, and we adhere to the precedent. (*People v. Newman* (1971) 5 Cal.3d 48, 53, disapproved on another point in *People v. Daniels* (1975) 14 Cal.3d 857, 862; *People v. Parra* (1999) 70 Cal.App.4th 222, 227.)

Officer Slusser's testimony falls within the scope of these prior decisions because his opinion rested on the quantity of methamphetamine, the scale and packaging materials found in defendant's bedroom, the cash found on defendant's person, and the text messages received on defendant's cellular telephone. Although defendant questions Officer Slusser's testimony, we defer to the trier of fact on credibility issues. (See *People*

5

*v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) The jury could reasonably rely on Officer Slusser's experience and the physical evidence found; and, therefore, the officer's testimony regarding the possession of a controlled substance for the purposes of sale constitutes substantial evidence.

We also reject defendant's purported claim that he received ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was inadequate when measured against the standard of a reasonably competent attorney, and that counsel's performance prejudiced defendant's case in such a manner that his representation "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (*Strickland v. Washington* (1984) 466 U.S. 668, 686.)

"[T]he decision to place a defendant on the stand is ordinarily within the competence and purview of trial counsel . . . . [Citation.]" (*People v. Hayes* (1991) 229 Cal.App.3d 1226, 1231 (*Hayes*).) A defendant, however, has the right to testify, even if testifying is contrary to counsel's advice. (*People v. Nakahara* (2003) 30 Cal.4th 705, 719.) "When the record fails to disclose a timely and adequate demand to testify, 'a defendant may not await the outcome of the trial and then seek reversal based on his claim that despite expressing to counsel his desire to testify, he was deprived of that opportunity.'" (*People v. Alcala* (1992) 4 Cal.4th 742, 805-806.) The "right to testify can be waived by conduct and does not require a personal and explicit waiver . . . ." (*Hayes*, *supra*, 229 Cal.App.3d at p. 1234.)

6

Here, defendant has failed to make a prima facie showing that he was denied the right to testify; in fact, he agreed with his counsel to not testify. Defendant asserts, "I was told not to testify because they could bring up my prior arrest [*sic*] and use them against me so that's what I did." He further states, "I let my lawyer handle everything like he advised." In order to demonstrate a denial of the right to testify, a defendant's declaration must assert that he communicated his or her desire to testify to trial counsel. (See *Hayes*, *supra*, 229 Cal.App.3d at p. 1235.) There is no such evidence here.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


CODRINGTON
J.

7