Filed 5/20/14  P. v. Hayes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JIM DARRYL HAYES,<br><br>    Defendant and Appellant. | 2d Crim. No. B248145<br>(Super. Ct. No. 2012010858)<br>(Ventura County) |

Jim Darryl Hayes appeals his 32-month state prison sentence imposed after a jury convicted him of possession of a firearm by a felon (count 1; Pen. Code, § 29800, subd. (a))[1], possession of a firearm by a felon within 10 years after conviction of a specified misdemeanor (count 2; § 29805), and unlawful possession of ammunition (count 3; § 30305, subd. (a)(1)).  Appellant claims that the trial court committed sentencing error.  We stay the eight month sentence on count 3 pursuant to section 654, which reduces the sentence to 24 months, and affirm the judgment as modified.

*Procedural History*

At trial it was stipulated that appellant was a convicted felon and had suffered a conviction within ten years of March 22, 2012, that prohibited him from possessing a firearm.  Evidence was received that appellant told a real property manager,

_____

[1] All statutory references are to the Penal Code.

Jeanie Conte, that he had a gun and would fight his impending eviction. Therefter, appellant went to the apartment complex on March 22, 2012, so that that he could remove his belongings.

Responding to a "keep the peace" call, Simi Valley Police Officer Katherine Vigil saw appellant drag a toolbox built for a pickup out to the sidewalk. Officer Vigil recognized appellant from previous contacts, knew he was on probation with search terms, and knew that appellant did not have a pickup truck. The officer conducted a probation search and found a loaded .38 caliber revolver in the toolbox.

The jury convicted on all three counts.

At the sentencing hearing, the trial court denied probation and sentenced appellant to a two-year mid-term on count 1 (felony in possession of a firearm) plus eight months on count 3 (one-third the mid-term). The sentence on count 2 was stayed pursuant to section 654.

*Count 3*

Appellant asserts, and the Attorney General agrees, that the trial court erred in not staying the sentence on count 3. Possession of the firearm and possession of the ammunition in the firearm is an indivisible course of conduct. (*People v. Lopez* (2004) 119 Cal.App.4th 132, 138-139.) The judgment is modified to reflect that the sentence on count 3 is stayed pursuant to section 654.

*Two-Year Midterm Sentence on Count 1*

Appellant argues that the trial court erred in not sentencing him to a 16-month low term on count 1 for possession of a firearm by a felon. Before trial, the prosecutor made a "low-term offer" and said the offer is "off the table once we start picking a jury." The trial court explained the sentence range (16 months, two years, three years) and said "I just want[] to make sure that you understand that the offer . . . will be withdrawn when we bring up the panel of jurors this afternoon and swear them in." Appellant said that he understood and rejected the plea offer.

At the sentencing hearing, appellant's requested that the trial court impose a two-year midterm on count 1 and stay the sentence on Counts 2 and 3.

2

The prosecutor argued for a two-year midterm on count 1 plus eight months on count 3, for an aggregate sentence of 32 months. Defense counsel argued for a two year midterm with no consecutive time and noted that appellant had already served his time. "And I think that to impose anything more than the two years would be -- I don't see anything arising out of the case that would warrant that or circumstances or new facts or anything that would have caused a change from what was known before trial."

In rebuttal, the prosecutor noted that the pretrial offer was made without the benefit of the probation report which listed aggravating factors. "[I]f the Court's not going to be imposing the eight month consecutive and only giving [a] midterm with a concurrent sentence, . . . the People would . . . ask[] that he be sentenced to the high term [of 36 months]."

Appellant contends that the trial court erred in not sentencing him to an 18 month low term low in accordance with the pretrial plea agreement. We reject the argument because appellant rejected the plea offer and requested a two-year sentence after he was convicted. Appellant is precluded under principles of waiver, estoppel and invited error from arguing that he is entitled to an 18 month sentence. (See e.g., *People v. Scott* (1994) 9 Cal.4th 331, 352-354 [waiver]; *People v. Stewart* (2001) 89 Cal.App.4th 1209, 1215 [listing cases].) The argument that trial court "approved" or adopted an 18 month sentence as the indicated sentence is without merit.

Where the criminal statute specifies three possible terms, the midterm is presumed to be the appropriate term unless there are circumstances in aggravation or mitigation of the crime. (§ 1170, subd. (b).) The probation report listed three aggravating factors, no mitigating factors, and noted that appellant "is before the Court for sentencing on his sixth, seven and eighth felony convictions." The trial court did not abuse its discretion in imposing a two-year midterm sentence on count 1. (See e.g., *People v. Ghebretensae* (2013) 222 Cal.App.4th 741, 763.)

The judgment is modified to reflect that the eight month sentence on count 3 for unlawful possession of ammunition (§ 30305, subd. (a)(1)) is stayed pursuant to section 654, thus reducing the sentence to 24 months. The superior court clerk is ordered

3

to amend the abstract of judgment to reflect a section 654 stay on count 3 and to forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

Bruce A. Young, Judge

Superior Court County of Ventura

_____


Kathleen M. Redmond, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.