Filed 5/7/15  P. v. Norman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073736 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F01075) |
| v. | |
| JERRIN NORMAN, | |
| Defendant and Appellant. | |

The trial court found defendant Jerrin Norman in violation of probation, sentenced him to six years in state prison, and imposed various fees and fines.  On appeal, defendant contends the trial court abused its discretion in imposing an upper-term sentence in violation of California Rules of Court, rule 4.435(b)(1) (hereafter rule 4.435(b)(1))[1].  He further contends, and the People concede, the restitution and

---

[1]  Rule 4.435(b)(1) provides:  "(b) On revocation and termination of probation under section 1203.2, when the sentencing judge determines that the defendant will be committed to prison:  [¶]  (1) If the imposition of sentence was previously suspended, the judge must impose judgment and sentence after considering any findings previously

1

parole revocation fines (Pen. Code, §§ 1202.4, 1202.45) must be reduced to the statutory minimum amounts in effect at the time of imposition of sentence.[2]

Accepting the People's concession as to the fines, we modify the judgment and otherwise affirm the judgment as modified.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Underlying Crime*

On September 3, 2010, defendant was charged by amended complaint in case No. 10F01075 with attempted murder (§§ 664/187, subd. (a)—count one), assault with a semiautomatic firearm (§ 245, subd. (b)—count two), assault with a firearm (§ 245, subd. (a)(2)—count three), discharge of a firearm at an inhabited dwelling (§ 246—count four), and two counts of possession of a concealable weapon (§ 12025, subd. (b)(6)—counts six and seven). The complaint also alleged as to counts one, two, three, four, and seven that defendant committed the offenses while released from custody on a primary offense in case No. 08F08346 (§ 12022.1), and, as to all counts, that defendant committed the offenses for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)).

On December 10, 2010, defendant entered a negotiated plea of no contest to one count of possession of a concealable weapon (count six) and admitted the gang enhancement in exchange for dismissal of all remaining charges and allegations against him (including pending case No. 08F08346), and a stipulated grant of five years' formal probation, plus one year in county jail with credit for time served. The factual basis for

---

made and hearing and determining the matters enumerated in rule 4.433(c). [¶] *The length of the sentence must be based on circumstances existing at the time probation was granted*, and subsequent events may not be considered in selecting the base term or in deciding whether to strike the additional punishment for enhancements charged and found." (Italics added.)

[2]  Unspecified statutory references are to the Penal Code.

the plea was as follows: On October 3, 2008, while at a light rail station with his brother, Darrin Norman, and other members of a criminal street gang known as the "Pay Me Boys," defendant was found to be in possession of a .38-caliber handgun.[3]

At the January 7, 2011, sentencing hearing, the trial court suspended imposition of sentence and placed defendant on five years' formal probation, subject to various terms and conditions. The court also imposed "minimum fines and fees."

*First Violation of Probation*

On April 5, 2011, the district attorney filed a petition for violation of probation alleging defendant failed to obey all laws by making criminal threats (§ 422) and committing domestic abuse (§ 273.5, subd. (a)) as alleged in case No. 11F02389.

The hearing on the April 5 petition was heard concurrently with the jury trial in case No. 11F02389. The jury acquitted defendant on the section 422 charge but was unable to reach a verdict on the remaining charge. Nonetheless, the trial court found by a preponderance of evidence that defendant violated the terms of his probation as alleged in the April 5 petition.

On December 2, 2011, the court revoked and reinstated probation subject to the original terms and conditions, plus an additional year in county jail with credit for time served.

*Second Probation Violation*

On June 12, 2012, the district attorney filed a second petition for violation of probation alleging, among other things, that defendant was found to be in possession of

---

[3] With the exception of the other firearm possession charge that occurred on July 22, 2009 (count seven), the remaining charges against defendant stemmed from an incident that occurred on May 23, 2009, involving codefendants Darrin Norman, Clayton Brannon, and Johnny Lewis, none of whom is a party to this appeal.

ammunition in violation of section 30305, subdivision (a). The trial court sustained the petition.

On March 5, 2013, the trial court terminated defendant's probation and sentenced him to the upper term of three years in state prison, plus a consecutive three-year term for the gang enhancement, for an aggregate term of six years in state prison. In selecting the upper term, the court stated as follows: "The Court selects the upper term given the defendant's poor performance on probation up to the last reinstatement of probation. This period of probation is properly considered under *People* [*v.*] *Black* [(]2009[)] 176 Cal.App.4th 145 [(*Black*)].[4]

"Further, the defendant's poor performance on probation is properly considered for both denial of probation and the imposition of the upper term pursuant to *People* [*v.*] *Bowen* [(]1992[)] 11 Cal.App.4th 102].

"The Court notes for the record that it is not considering the defendant's failure to comply with probation terms between the last reinstatement of probation and the last revocation of probation. The Court does not consider this period pursuant to [rule 4.435(b)(1)]."

The court also imposed "mandatory fees in their minimum amounts," including "the standard restitution fine in its minimum amount . . . of $240 pursuant to Penal Code Section 1202.4" and "[t]he same amount" pursuant to section 1202.45, stayed pending successful completion of parole.

Defendant filed a timely notice of appeal.

---

**4** Relying on *People v. Harris* (1990) 226 Cal.App.3d 141 (*Harris*), the Court of Appeal in *Black* recognized an exception to rule 4.435(b)(1) that allows the sentencing court to "consider defendant's performance on probation from the time it was originally granted . . . until it was reinstated for the final time . . . ." (*Black*, *supra*, 176 Cal.App.4th at p. 151.)

## DISCUSSION

## I

### *Imposition of Upper-Term Sentence*

Defendant contends the trial court erroneously based its decision to impose the upper term on events occurring after the initial grant of probation in violation of rule 4.435(b)(1). Acknowledging his failure to object below, defendant asserts the issue was not forfeited on appeal, but should we find otherwise, any failure to object was the result of ineffective assistance of counsel. We conclude defendant forfeited his claim and his attorney was not ineffective for failing to object.

A defendant's failure to object to the trial court's sentencing determinations when given a "meaningful opportunity" to do so forfeits the claim on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 355-356 (*Scott*); see *People v. de Soto* (1997) 54 Cal.App.4th 1, 7-8 [failure to impose a specific objection at sentencing forfeits claim on appeal].)

A "meaningful opportunity" to object to the court's sentencing determinations occurs when, "during the course of the sentencing hearing itself and before objections are made, the parties are clearly apprised of the sentence the court intends to impose and the reasons that support any discretionary choices." (*Scott*, *supra*, 9 Cal.4th at p. 356.) "The parties are given an adequate opportunity to seek such clarifications or changes if, at *any time* during the sentencing hearing, the trial court describes the sentence it intends to impose and the reasons for the sentence, and the court thereafter considers the objections of the parties before the actual sentencing. The court need not expressly describe its proposed sentence as 'tentative' so long as it demonstrates a willingness to consider such objections." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752.)

Here, judgment and sentencing occurred over the course of three days. The initial proceedings took place on December 7, 2012, and December 21, 2012. While the record on appeal does not include reporter's transcripts for either of those proceedings, it does include minute orders which reflect that on December 7, 2012, the trial court (J. Connelly

5

presiding) announced its "tentative decision to reject probation['s] recommendation and sentence [defendant] to state prison," and that on December 21, 2012, the court (J. Connelly presiding) "stated . . . the history behind this continuing sentencing and the Court's intended decision," "identified the legal issue surrounding this sentence re [rule 4.435(b)]" and "cited [c]ounsel to [*Black*, *supra*,] 176 Cal.App.4th [at pages] 150-151 and to [*Harris, supra*,] 226 Cal.App.3d 141." The minute orders further reflect that sentencing was continued to allow defendant the opportunity to obtain documents in mitigation.

At the final sentencing hearing on March 5, 2013, for which there is a reporter's transcript, the trial court (J. Sueyoshi presiding in light of J. Connelly's retirement) reiterated Judge Connelly's previously stated intent to "deny probation and sentence the defendant to the maximum time available under the law which is in this case up to seven years." Having considered the probation report, defendant's written statement and documents in mitigation, statements from defendant's family members, and argument by counsel for both parties, the court denied probation and sentenced defendant to the upper term of three years for the principal offense, plus three years (the middle term) for the enhancement. No defense objection is noted in the record.

Defendant claims the alleged error "was clearly raised on December 21, 2012, and clearly ruled upon at the time of sentencing," and that an objection would otherwise have been futile in light of the sentencing court's reliance on *Black, supra*, 176 Cal.App.4th 145. The claim lacks merit. There is no indication in the record that defendant's attorney objected to Judge Connelly's tentative decision to consider defendant's prior performance on probation in sentencing him "to the maximum time available under the law." The notation in the December 21, 2012, minute order reveals only that the court was relying on *Black* and *Harris* for purposes of sentencing, not that defendant objected on those grounds. And despite the opportunity to object to the court's tentative decision during the course of either of the December 2012 hearings or at any time during the more than

two months before imposition of sentence on March 5, 2013, no such objection was forthcoming from defense counsel.

Defendant asserts any failure to object to the court's consideration of his conduct on probation in choosing the upper-term sentence was the result of ineffective assistance of counsel. This claim also lacks merit.

A defendant claiming ineffective assistance of counsel has the burden to show (1) counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692 [80 L.Ed.2d 674, 693-694, 696]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." (*People v. Kelly* (1992) 1 Cal.4th 495, 520.)

Defendant cannot establish that his counsel provided ineffective assistance; the trial court's imposition of the upper term based on defendant's poor performance on probation prior to the last revocation was proper. Defendant was granted probation after pleading no contest to possession of a concealable weapon and admitting a gang enhancement. Here, as in *Harris* and *Black,* defendant had his original grant of probation revoked and then reinstated. (*Harris*, *supra*, 226 Cal.App.3d at pp. 143-144; *Black*, *supra*, 176 Cal.App.4th at pp. 148-149.) Here, as in *Harris* and *Black*, "the trial court was entitled to consider defendant's performance on probation from the time it was originally granted . . . until it was reinstated for the final time . . . ." (*Black*, at p. 151; see also *Harris*, at p. 147.) We decline defendant's invitation to reject the holdings in those cases.

## II

### *Imposition of Minimum Restitution Fines*

Defendant contends, and the People agree, that the trial court erred when, contrary to its stated intent to impose only "mandatory fees in their minimum amounts," it

imposed a $240 restitution fine (§ 1202.4) and imposed but stayed a $240 parole revocation fine (§ 1202.45). The parties also agree the fines should be reduced to $200. We agree.

Defendant committed his felony offense in 2008. The version of section 1202.4 in effect at that time provided that the minimum restitution fine that could have been imposed was $200. (§ 1202.4, subd. (b)(1); see *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189 [finding minimum restitution fine based on date of offense, not date of sentencing].) Likewise, because section 1202.45 required that the amount of the parole revocation fine imposed be "in the same amount as" the restitution fine imposed pursuant to section 1202.4, subdivision (b), the minimum parole revocation fine that could have been imposed was also $200.

At the December 2010 plea hearing, the trial court stated it "could impose a restitution fine of not less than $200 nor [*sic*] more than $10,000 . . . ." At the March 2013 sentencing hearing, the court stated, "the standard restitution fine *in its minimum amount* shall be imposed of $240 pursuant to Penal Code Section 1202.4," and imposed but stayed a parole revocation fine in the "same amount" pursuant to section 1202.45. The court later reiterated that "[t]he only fees that are imposed are the mandatory fees *in their minimum amounts.*"

The court's statements at the 2010 plea hearing clearly demonstrate that the sentencing judge understood $200 was the applicable minimum restitution fine and simply misspoke when, at the 2013 sentencing hearing, the judge stated "the standard restitution fine in its minimum amount shall be imposed of $240." Accordingly, we will modify the judgment to reduce the restitution and parole revocation fines to $200 each.

## DISPOSITION

The judgment is modified to reduce the restitution fine (§ 1202.4, subd. (b)) and the corresponding parole revocation fine (§ 1202.45) from $240 to $200 each. As modified, the judgment is affirmed. The trial court is directed to prepare an amended

8

abstract of judgment reflecting the modification and to send a certified copy of said amended abstract to the Department of Corrections and Rehabilitation.

                                                                               RAYE , P. J.

We concur:

             BLEASE , J.

             BUTZ , J.